**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH WHITAKER, | No. 13-15547 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01400-KJM-EFB |
| v. | |
| JAFFE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted June 12, 2014[**]

Before:    McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

California state prisoner Joseph Whitaker appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants

were deliberately indifferent to his serious medical needs. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo the district court's summary

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment to Dr. Warfield because Whitaker failed to raise a genuine dispute of material fact as to whether Warfield was deliberately indifferent in her treatment of Whitaker's mental health issues. *See id.* at 1057-58 (a prison official acts with deliberate indifference only if she knows of and disregards an excessive risk to the prisoner's health and safety); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (requirements for supervisory liability for deliberate indifference); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (a difference of opinion as to the need to pursue one course of treatment over another is not actionable under the Eighth Amendment).

We reject Whitaker's contentions concerning his attempts to exhaust administrative remedies against a nonparty and that Magistrate Judge Brennan was biased.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**